# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION

**CODY A. WOLFE**                                                                              **PLAINTIFF**

**v.**                                                          **CIVIL ACTION NO.  3:22-CV-P183-GNS**

**LMDC** *et al.*                                                                             **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

This is a *pro se* 42 U.S.C. § 1983 prisoner civil-rights action.  The matter is before the Court for screening pursuant to 28 U.S.C. § 1915A.  For the reasons set forth below, the Court will dismiss some claims and allow others to proceed.

### I.

Plaintiff is incarcerated as a pretrial detainee at the Louisville Metro Department of Corrections (LMDC).  As Defendants, he names LMDC; LMDC Director Dewayne Clark; and LMDC Officer D. Bullock.  Plaintiff sues Defendants Clark and Bullock in both their official and individual capacities.

Plaintiff alleges that Defendant Bullock "exposed me and my charges," and bribed four inmates "to jump me."  He more specifically alleges as follows:

> The incident happened on 2-12-22 it all took place between 3 pm – 8 pm on 2nd shift. . . .  The incident starts when she comes in the dorm and everyone is playing cards.  I ask her to take a look at my sink and toilet situation cause it keeps overflowing. . . .

> When she left, the guy's called me out to the table and was laughing saying, "Hey man, she don't like you."  I said "Why do you think that?"  One of them said "she said she would look out for us if we got rid of you."  And one of the guys jokingly said, "You got to pay us."  I said "She didn't say that!"  One of three said, "I put that on my dead grandma she said that."  I knew he was telling the truth because he always says that when he wants someone to know he's not joking. . . .

> She came back around . . . and lined her face up with the bars in the window above the food slot so she could hide her face from me seeing what she was saying to the other guys who were talking to her. When she leaves, the guys tell me what she said about going to her cash app if they got rid of me. . . .
>
> The next time I saw her, I asked, "do you have an issue with me?" That's when she came in the dorm and exposed my charges in front of everyone. She said, "Yes, I have a problem with what your incarcerated for (said my charges) and I wish you was off my floor. If it was up to me and it wasn't for you being on phone restriction, I would have already had your ass moved [off] this floor. I read the statements those little girls aid and as a mother" I cut her off and broke into her talking and said "I've been proving my innocents." Then she said "well as a mother I don't believe that and from what I read should expose more right now" and cut herself off. Trying to istagate and juicing up the guys in the dorm. Now I look like a liar and everything else. I said, "You don't know the whole story, and you wouldn't judge me that way if you did." Shortly after she left, I could feel the tention in the air in the dorm. One of the guys said "Hey man you got to go." Several of the guys kept going to each other and whispering. Their vibes started changing. They no longer wanted to talk or play cards with me. Then the incident happened right after pill call. Several guys jumped me and took all my belongings. . . .
>
> I had the nurse take pictures of my injuries and was sent to the hospital. . . . Officers are not supposed to tell other inmates someone's charges. All 4 inmates have charges filed on them and a detective has come to talk to me. . . .

Plaintiff states that he believes the alleged attack may have been racially motivated since Defendant Bullock and the four inmates who allegedly attacked him are black.

As relief, Plaintiff seeks damages.

## II.

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled*

*on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, while liberal, this standard of review does require more than the bare assertion of legal conclusions. *See Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995).

### III.

Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere. *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "A plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

#### A. Defendant LMDC and Official-Capacity Claims

LMDC is not an entity subject to suit under § 1983. *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). Rather, the claims against it are actually against the Louisville Metro

Government as the real party in interest. *Id.* ("Since the Police Department is not an entity which may be sued, Jefferson County is the proper party to address the allegations of Matthews's complaint.").

"Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Thus, Plaintiff's official-capacity claims against Defendants Clark and Bullock are actually against the Louisville Metro Government as well.

When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery Cty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

In the instant case, Plaintiff does not claim that any alleged violation of his constitutional rights was the result of a policy or custom implemented or endorsed by the Louisville Metro

4

Government. Thus, the Court will dismiss Plaintiff's claim against LMDC and his official-capacity claims against Defendants Clark and Bullock for failure to state a claim upon which relief may be granted.

### B. Individual-Capacity Claims

#### 1. Defendant Clark

Because the complaint contains no specific allegations against Defendant Clark, the construes the complaint as asserting a claim against him based on his supervisory role as the Director of LMDC. However, the doctrine of *respondeat superior*, or the right to control employees, does not apply in § 1983 actions to impute liability onto supervisors. *Monell*, 436 U.S. at 691; *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80-81 (6th Cir. 1995); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). "Likewise, simple awareness of employees' misconduct does not lead to supervisor liability." *Leary v. Daeschner*, 349 F.3d 888, 903 (6th Cir. 2003) (citing *Lillard v. Shelby Cty. Bd. of Educ.*, 76 F.3d 716, 728 (6th Cir. 1996)). Rather, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676; *Loy v. Sexton*, 132 F. App'x 624, 626 (6th Cir. 2005) ("In order for supervisory liability to attach, a plaintiff must prove that the official 'did more than play a passive role in the alleged violation or showed mere tacit approval of the goings on.'") (quoting *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999)). Supervisory liability "must be based on active unconstitutional behavior and cannot be based upon 'a mere failure to act.'" *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (quoting *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)).

Thus, because Plaintiff alleges no active unconstitutional behavior by Defendant Clark, the Court will dismiss Plaintiff's individual-capacity claim against him for failure to state a claim upon which relief may be granted.

### 2. Defendant Bullock

#### a. Deliberate Indifference to Safety

Upon consideration, the Court will allow a Fourteenth Amendment claim for deliberate indifference to Plaintiff's safety to proceed against Defendant Bullock.[1,2] In allowing this claim to proceed, the Court passes no judgment upon the merit of this claim or the ultimate outcome of this action.

#### b. Discrimination

The Court next turns to Plaintiff's claim that his attack may have been racially motivated since Defendant Bullock and the four inmates who allegedly attacked him were black.

"The Equal Protection Clause prohibits discrimination by government actors which either burdens a fundamental right, targets a suspect class, or intentionally treats one differently than others similarly situated without any rational basis for the difference." *Rondigo, L.L.C. v. Twp. of Richmond*, 641 F.3d 673, 681-82 (6th Cir. 2011) (citing *Radvansky v. City of Olmsted Falls*, 395 F.3d 291, 312 (6th Cir. 2005)). The threshold element of an equal protection claim is disparate treatment. *Scarbrough v. Morgan Cty. Bd. of Educ.*, 470 F.3d 250, 260 (6th Cir. 2006); *Ctr. for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 379 (6th Cir. 2011) ("To state an equal protection claim, a plaintiff must adequately plead that the government treated the plaintiff

---

[1] Plaintiff states that he is bringing this claim under the Eighth Amendment. However, the Eighth Amendment's protections apply to convicted prisoners; it is the Due Process Clause of the Fourteenth Amendment that protects pretrial detainees. *See Richmond v. Huq*, 885 F.3d 928 (6th Cir. 2018).
[2] Although Plaintiff also states that Defendant Bullock violated his rights under "HIPPA" by "exposing" his charges, the Health Insurance Portability and Accountability Act (HIPPA) is not applicable because it prohibits the unauthorized disclosure of medical information by certain entities.

'disparately as compared to similarly situated persons and that such disparate treatment either burdens a fundamental right, targets a suspect class, or has no rational basis.'") (citation omitted); *Project Reflect, Inc. v. Metropolitan Nashville Bd. of Public Educ.*, 947 F. Supp. 2d 868, 881 (M.D. Tenn. 2013) ("Plaintiffs . . . fail to plead the existence of a similarly situated comparator . . . [therefore,] the Complaint does not contain sufficient factual matter to state a plausible claim.").

Here, Plaintiff fails "to plead the existence of a similarly situated comparator" regarding his alleged attack. Thus, he has not presented sufficient factual matter to state a plausible equal protection claim. *See Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555. For this reason, the Court will dismiss the claim for failure to state a claim upon which relief may be granted.

## IV.

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's claim against LMDC, his claims against Defendant Clark, his official-capacity claim against Defendant Bullock, and his discrimination claim against Defendant Bullock in her individual capacity are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

The **Clerk of Court** is **DIRECTED** to **terminate LMDC and Dewayne Clark as parties to this action.**

The Court will enter a Service and Scheduling Order to govern the development of this action.

Date: May 26, 2022

Greg N. Stivers, Chief Judge
United States District Court

cc: Plaintiff, *pro se*
     Defendants
     Jefferson County Attorney
4416.011