UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

**CODY WOLFE**                                                                                    **PLAINTIFF**

**v.**                                                     **CIVIL ACTION NO. 3:22-CV-P183-JHM**

**LMDC** *et al.*                                                                                **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This is a *pro se* 42 U.S.C. § 1983 prisoner civil-rights action. This matter is before the Court upon a motion for summary judgment filed by Defendants D. Bullock and D. Arnold (DN 79). Plaintiff has filed a response (DN 84), and Defendants have filed a reply (DN 85). This matter is ripe for decision. For the reasons set forth below, the Court will grant Defendants' motion for summary judgment.

**I.**

Plaintiff initiated the instant action when he was incarcerated as a pretrial detainee at the Louisville Metro Department of Corrections. In the complaint, Plaintiff alleged that Defendant Bullock "exposed" his charges to other inmates and bribed four inmates to assault him on February 12, 2022. In the amended complaint, Plaintiff alleged that Defendant Arnold told another inmate about his charges on March 16, 2022, and retaliated against him for "pursuing his issues." Upon initial review of the complaint and amended complaint pursuant to 28 U.S.C. § 1915A, the Court allowed Fourteenth Amendment claims for deliberate indifference to Plaintiff's safety and informational privacy claims to proceed against Defendants Bullock and Arnold in their individual capacities (DNs 7 & 17); the Court also allowed a retaliation claim to proceed against Defendant Arnold in his individual capacity (DN 17).

## II.

Before the Court may grant a motion for summary judgment, it must find that there is "no genuine dispute as to any material fact" and that the moving party is "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of specifying the basis for its motion and identifying that portion of the record that demonstrates the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party satisfies this burden, the non-moving party thereafter must produce specific facts demonstrating a genuine issue of fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986).

Assuming the moving party satisfies its burden of production, the nonmovant "must—by deposition, answers to interrogatories, affidavits, and admissions on file—show specific facts that reveal a genuine issue for trial." *Laster v. City of Kalamazoo*, 746 F.3d 714, 726 (6th Cir. 2014) (citing *Celotex*, 477 U.S. at 324). The non-moving party's evidence is to be believed, *Anderson*, 477 U.S. at 255, and all reasonable inferences that may be drawn from the facts placed before the Court must be drawn in favor of the party opposing summary judgment. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

The fact that a plaintiff is *pro se* does not lessen his or her obligations under Rule 56. "The liberal treatment of pro se pleadings does not require the lenient treatment of substantive law, and the liberal standards that apply at the pleading stage do not apply after a case has progressed to the summary judgment stage." *Johnson v. Stewart*, No. 08-1521, 2010 U.S. App. LEXIS 27051, at *6-7 (6th Cir. May 5, 2010) (citations omitted). The Sixth Circuit has made clear that, when opposing summary judgment, a party cannot rely on allegations or denials in unsworn filings and that a party's "status as a pro se litigant does not alter" its burden of showing a genuine issue for trial. *Viergutz v. Lucent Techs., Inc.*, 375 F. App'x 482, 485 (6th Cir. 2010) (citation omitted).

### III.

Defendants argue that they are entitled to summary judgment because Plaintiff failed to exhaust his administrative remedies under the Prison Litigation Reform Act (PLRA).

The PLRA provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The Supreme Court, interpreting § 1997e, has expressly stated: "There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (2007) (citing *Porter v. Nussle*, 534 U.S. 516, 524 (2002)). Failure to exhaust administrative remedies is an affirmative defense, which the defendant has the burden to plead and prove by a preponderance of the evidence. *Id.* at 216.

The PLRA requires exhaustion of internal remedies for "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. at 532. To meet this requirement, an inmate must "properly" exhaust his remedies, which requires strict compliance with the grievance process provided by the prison. *Woodford v. Ngo*, 548 U.S. 81, 93-94 (2006). "Proper exhaustion" means that the plaintiff complied with the "agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Id*. at 90-91. To establish that he has exhausted his administrative remedies, a prisoner-plaintiff must have presented his grievance(s) "through one complete round" of the established administrative process. *Thomas v. Woolum*, 337 F.3d 720, 733 (6th Cir. 2003), *overruled in part on other grounds by Woodford v. Ngo*, 548 U.S. at 87. "[A]n inmate does not exhaust available administrative remedies . . . when the inmate filed such a grievance but 'did not appeal the denial of that complaint to the highest possible administrative level[.]'" *Id*. (quoting *Wright v. Morris*, 111 F.3d 414, 417 n.3 (6th Cir. 1997)). "'To exhaust remedies, a prisoner must file complaints and appeals in

the place, and at the time, the prison's administrative rules require.'" *Woodford v. Ngo*, 548 U.S. at 87 (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002)).

**IV.**

Defendants have submitted as evidence the LMDC Grievance Procedure that was in place at the time the events giving rise to this action occurred. (DN 79-2). It provides as follows: "A grievance about a specific incident is to be filed within five (5) working days after the incident occurs." (*Id*., PageID.390). "The grievance shall include all aspects of the issue that the grievant wants to be addressed and shall specifically identify the staff involved." (*Id*.). "After the grievance has been properly filed, an attempt to resolve the problem will be made through informal resolution means. This may involve the Grievance Counselor, department head or facility staff. The resolution stage will involve inquiries or discussions to attempt to resolve the grievance." (*Id*.). "Response to the grievance is to be within ten (10) working days from receipt of the grievance unless special circumstances require additional attention." (*Id*.). "The inmate will have five (5) working days after the receipt of the resolution to decide whether to appeal to the next level." (*Id*.). "An inmate who does not receive a response within forty-five (45) days from the filing of the grievance shall be allowed to pursue his grievance to the next level of review (within five (5) working days). The inmate shall not be allowed to move to the next level of review if more than fifty (50) days have passed since the filing of the initial grievance." (*Id*.). "If the grievant is not satisfied with the outcome of the resolution response, they may appeal in writing to the Director/designee within five (5) working days after receipt of the resolution response." (*Id*.). Once a grievance is appealed to the Director/Designee, the "Director/designee shall respond to the grievance within fifteen (15) working days of receipt of the grievance from the Grievance Counselor." (*Id.*, PageID.391). The Grievance Procedure additionally states that "[i]f the time limit has expired for a resolution response from the Grievance Counselor and an extension for delay has not been requested, the inmate shall notify the Director/designee in writing." (*Id*., PageID.394).

### A. Defendant Bullock

In their motion, Defendants argue that they have presented evidence which shows that Plaintiff failed to exhaust his administrative remedies in accordance with the LMDC Grievance Procedure before he initiated the instant action against Defendant Bullock on March 31, 2022, the date Plaintiff indicates the complaint was placed in the prison mailing system.[1] (DN 1, PageID.8).

Plaintiff has submitted a grievance regarding the February 12, 2022, incident with Defendant Bullock which shows it was completed and signed by Plaintiff on February 14, 2022 (DN 84-3, PageID.454). Defendants argue that because there is no signature showing that the Grievance Coordinator ever received this grievance, this grievance does not establish that Plaintiff filed the grievance on February 14, 2022. Thus, whether a grievance was filed by Plaintiff on February 14, 2022, is in dispute.

In support of their motion, Defendants refer to the undisputed evidence which shows that on June 23, 2022, Plaintiff filed a grievance indicating that he had never received a response to the grievance he allegedly filed in February against Defendant Bullock. (DN 84-4, PageID.459). In response to this grievance, Plaintiff was advised that LMDC did not have a copy of his February grievance against Defendant Bullock and asked him to "redo it with the exact same date." (*Id.*). Plaintiff refiled the pertinent grievance, Grievance No. 8385, and it was signed as received by the Grievance Counselor on July 14, 2022. (DN 79-1, PageID.385). Plaintiff received a response to Grievance No. 8385 on July 20, 2022. (*Id.*). In the response, Plaintiff was told that Defendant Bullock had been "let go" and that it was recommended that the grievance be sent to "PSU for further evaluation." (*Id.*, PageID.386). Plaintiff appealed this "resolution" to the "Director/designee" on July

---

[1] "[A] *pro se* prisoner's complaint is deemed filed when it is handed over to prison officials for mailing to the court." *Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008)(citing *Richard v. Ray*, 290 F.3d 810, 812-13 (6th Cir. 2002)).

20, 2022. (DN 66-3, PageID.304).[2]  There is no evidence that any action was taken on Plaintiff's appeal to the "Director/designee."[3]

In his response, Plaintiff argues that he has presented evidence that he filed a grievance against Defendant Bullock on February 14, 2022, and that because LMDC failed to follow their own policy by responding to this grievance within 10 days, he should be deemed to have exhausted his administrative remedies with regard to Defendant Bullock.[4]  He also argues that because there is a disputed issue of material fact about whether he filed a grievance on February 14, 2022, the case must proceed to trial.

For purposes of this Memorandum Opinion and Order only, the Court will resolve the factual dispute in Plaintiff's favor and assume that the evidence shows that he filed a grievance against Defendant Bullock on February 14, 2022, and that he did not receive a response to the grievance within 10 days in accordance with the LMDC Grievance Procedure.  However, as set forth above, the LMDC Grievance Procedure provides that if "the time limit has expired for a resolution response from the Grievance Counselor and an extension for delay has not been requested, the inmate shall notify the Director/designee in writing."  (DN 79-2, PageID.394).  It also provides that "[a]n inmate who does not receive a response within forty-five (45) days from the filing of the grievance shall be allowed to pursue his grievance to the next level of review (within five (5) working days)."  (*Id.*, PageID.391).  Thus, although Plaintiff did not receive a timely response to his February 14, 2022, grievance, "there was another level of grievance contemplated by the policy in this situation, and Plaintiff was required

---

[2] DN 66 is actually a motion filed by Plaintiff before Defendants filed their summary-judgment motion. However, because Defendants reference the exhibits attached to DN 66 in their motion for summary judgment, the Court relies upon them as well.
[3] Plaintiff has submitted evidence which shows that he filed multiple grievances requesting to speak to the PSU, beginning with the grievance he filed on June 23, 2022.  However, this evidence is not relevant to the Court's exhaustion analysis.
[4] Plaintiff also argues that Defendants violated his rights to equal protection and due process under the Fourteenth Amendment by failing to follow LMDC's Grievance Procedure.  However, it is clear from the case law cited below that these arguments do not justify Plaintiff's failure to exhaust his administrative remedies in accordance with the LMDC Grievance Procedure prior to filing suit.

to utilize it." *Parrish v. Louisville Metro Dep't of Corr.*, No. 3:20CV-P593-JHM, 2023 U.S. Dist. LEXIS 101598, at *23 (W.D. Ky. June 12, 2023); *see also Wallace v. Louisville Metro Dep't of Corr.*, No. 3:22CV-P126-JHM, 2024 U.S. Dist. LEXIS 19021, at *16 (W.D. Ky. Feb. 2, 2024) (rejecting argument that the plaintiff had exhausted his administrative remedies after LMDC officials failed to respond to the plaintiff's grievance in 10 days because this did not foreclose Plaintiff from pursuing his grievance to the next level as provided for by LMDC's Grievance Procedure).

Moreover, although the evidence shows that Plaintiff did utilize (or attempt to utilize) the next level of this process on June 23, 2022, when he filed a grievance indicating that he had never received a response to the grievance he ostensibly filed in February regarding Defendant Bullock, Plaintiff was required to use this process to exhaust his administrative remedies *before* he initiated the action.[5] *See Russ v. TDOC*, No. 19-5656, 2020 U.S. App. LEXIS 1411, at *6-8 (6th Cir. Jan. 15, 2020) (affirming trial court's conclusion that the plaintiff had failed to exhaust his administrative remedies even though prison officials failed to respond to alleged grievances filed by the plaintiff since the prison policy provided a mechanism by which the plaintiff could move to the next stage of the process) (citing *Adams v. Smith*, 166 F. App'x 201, 204 (6th Cir 2006)); *accord Boyd v. Corr. Corp. of Am.*, 380 F.3d 989, 996 (6th Cir. 2004) (holding that "administrative remedies are exhausted when prison officials fail to timely respond to a properly filed grievance" where no further procedure was available to the prisoner).

Thus, even accepting that that Plaintiff filed his grievance concerning Defendant Bullock on February 14, 2022, Defendants have presented undisputed evidence which shows that no reasonable jury could conclude that Plaintiff exhausted his administrative remedies with regard to that grievance before he filed this action on March 31, 2022.

---

[5] If the Court accepts that Plaintiff filed his original grievance against Defendant Bullock on February 14, 2022, and that he did not receive a response within 45 days, which would have been March 29, 2022, it appears that under LMDC's Grievance Procedure Plaintiff had from March 29, 2022, until April 3, 2022 (five days), to take his grievance to the next level of review. Instead, Plaintiff initiated this action on March 31, 2022.

**B. Defendant Arnold**

In their motion, Defendants also argue that Plaintiff failed to exhaust his administrative remedies against Defendant Arnold in accordance with LMDC's Grievance Procedure before filing suit against him by way of the amended complaint which was placed in the LMDC mailing system on June 7, 2022 (DN 13, PageID.395).

Defendants present evidence that Plaintiff filed a grievance against Defendant Arnold on March 16, 2022, Grievance No. 8086, which states that on that date Defendant Arnold told another inmate that he was treating Plaintiff differently because of "his charges." (DN 79-3, PageID.395). The grievance shows that it was received by the LMDC Grievance Counselor on March 21, 2022. (*Id.*). Plaintiff filed a subsequent grievance on May 23, 2022, in which he followed up on the status of the first grievance and was informed that his original grievance was still pending. (DN 66-3, PageID.301). Plaintiff received a response to the original grievance on July 12, 2022, which stated, "Ofc. Arnold denies talking to another inmate about charges. To my knowledge staff have not ignored inmates needs." (DN 79-4, PageID.401). Plaintiff appealed the response to his grievance on July 14, 2022. (DN 66-3, PageID.309). The record shows that Plaintiff received a response to his appeal on August 4, 2022, stating: "There is no credible evidence here. Also, this grievance is dismissed for untimeliness." (DN 66-3, PageID.314).

In response to this evidence, Plaintiff again argues that he should be deemed to have exhausted his administrative remedies because LMDC officials did not comply with LMDC's Grievance Procedure by responding to his grievance against Defendant Arnold within 10 days. This argument fails for the reasons set forth above. Additionally, even though Plaintiff filed a grievance on May 23, 2022, following up on the status of the first grievance after he did not receive a response in 10 days, he did not follow LMDC's Grievance Procedure which required him to "notify the Director/designee in writing" if the 10-day time limit had expired without a resolution response from the Grievance Counselor. (DN 79-2, PageID.394). Thus, the Court finds that Defendants have met their burden by

presenting undisputed evidence which would preclude a reasonable jury from finding that Plaintiff exhausted his administrative remedies against Defendant Arnold before filing suit against him.

The Court next addresses Plaintiff's argument that even if his claims against Defendant Arnold were unexhausted when he filed the amended complaint, the claims should be allowed to proceed under the exception set forth in *Mattox v. Edelman*, 851 F.3d 583 (6th Cir. 2017). In *Mattox*, the Sixth Circuit held that, in a narrow set of circumstances, a plaintiff may add a § 1983 claim through an amended complaint, even if the administrative remedies for the new claim were not exhausted at the time of the original complaint's filing. *Id*. at 595. In that case, the plaintiff had filed suit based on claims for which he had properly exhausted his administrative remedies. *Id*. at 590. Later, the plaintiff sought leave to amend his complaint to add new claims against additional defendants - claims for which he had not exhausted his administrative remedies at the time he filed his original complaint. *Id*. The district court held that grievances exhausted after the commencement of a lawsuit can never satisfy the PLRA's exhaustion requirement. *Id*. at 591. However, the Sixth Circuit disagreed and, after analyzing the relevant case law, held that "the PLRA and Federal Rule of Civil Procedure 15 permit a plaintiff to amend his complaint to add claims that were exhausted after the commencement of the lawsuit provided *that the plaintiff's original complaint contained at least one fully exhausted claim*." *Id*. at 595 (emphasis added). Here, Plaintiff argues that *Mattox* is applicable because he exhausted his administrative remedies regarding his claims against Defendant Bullock which he brought in the original complaint. However, the Court has found that no reasonable jury could conclude that Plaintiff exhausted the claims set forth against Defendant Bullock in the original complaint before filing this action. Thus, the Court agrees with Defendants that *Mattox* does not save Plaintiff's claims against Defendant Arnold. *See, e.g., Fortenberry v. Fuciarelli*, No. 2:22-cv-12367, 2024 U.S. Dist. LEXIS 63898, at *12 (E.D. Mich. Mar. 5, 2024) (holding that because the plaintiff "failed to bring an exhausted claim in the original complaint, he is barred under *Mattox* from bringing new claims against Maxson and Nakata in an amended complaint, even if those claims were subsequently exhausted");

*Dahms v. Correct Care Sols., LLC*, No. 3:18-CV-63-CRS, 2019 U.S. Dist. LEXIS 159404, at *12-14 (W.D. Ky. Sept. 19, 2019) (distinguishing from *Mattox* and concluding that the plaintiff's amended complaint could not cure his failure to exhaust any of his claims prior to filing his original complaint).

**V.**

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendants' motion for summary judgment (DN 79) is **GRANTED**.

Date: July 19, 2024

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc:   Plaintiff, *pro se*
      Counsel of record
4414.011

10